LEMMON, Judge,
concurs and assigns reasons.
If this suit were one by the owner of a borrowed bicycle for property damage, I would have difficulty in holding free of negligence this automobile driver who moved forward only a few inches to a foot from the place where she was stopped to the point of contact with a bicycle, which apparently was directly in front of her when she began to move forward. She was arguably negligent, not in failing to look to her left, but in failing to look forward before starting.
Nevertheless, plaintiff loses because, while traveling in the wrong direction on a one-way street, he moved directly into the path of a motorist who was obviously “sitting on go”, waiting for an opening to enter traffic.
*620 In arguing against contributory negligence, plaintiff relies on Baumgartner v. State Farm Mut. Auto. Ins. Co., 356 So.2d 400 (La.1978). That decision, if applicable to bicyclists, does not hold that pedestrians and bicyclists can never be contributorily negligent. The Baumgartner rationale, based on a comparison of duties and risks, introduces an element of comparative negligence into Louisiana law, but under any form of comparative negligence except the “pure” form this grossly negligent plaintiff would get nothing.
I concur in the result.